**FILED**

JUN 03 2015

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

CIV. 15-4104

KEITH F. MILLER,                :

       Plaintiff,           :

v.                              :   PLAINTIFF'S COMPLAINT
                                  AND DEMAND FOR JURY TRIAL

METROPOLITAN PROPERTY AND       :
CASUALTY INSURANCE COMPANY
d/b/a METLIFE AUTO & HOME       :
INSURANCE AGENCY, INC.,
                                :
       Defendant.
                                :

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

     COMES NOW Plaintiff Keith F. Miller, for his Complaint against Metropolitan Property and Casualty Insurance Company d/b/a MetLife Auto & Home Insurance Agency, Inc., states and alleges as follows:

### Parties

1. Plaintiff Keith Miller ("Miller") is, and all relative times was, a resident of Sioux Falls, Lincoln County, South Dakota.

2. Defendant Metropolitan Property and Casualty Insurance Company, d/b/a MetLife Auto & Home Insurance Agency, Inc. ("MetLife"), is a Company organized outside the State of South Dakota, with its principal place of business in Warwick, Rhode Island.

### Jurisdiction and Venue

3. The court has jurisdiction under 28 § U.S.C. 1332, diversity of citizenship.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

4. The damages at issue exceed $75,000.00.

## Statement of the Facts

5. Miller purchased a policy of homeowners insurance from MetLife, which was in effect before and after June 2014.

6. In June 2014, Miller's home was damaged during a hailstorm.

7. The hailstorm caused visible and extensive damage to Miller's home.

8. Hail damage is a covered cause of loss under the insurance policy sold by MetLife to Miller.

9. Miller formally submitted a claim to MetLife for the hail damage to Miller's home in June 2014.

10. Salomon Collins was, at all relevant times, an authorized agent of MetLife.

11. In a June 28, 2014 report, Salomon Collins claimed to have inspected Miller's home on or about June 25, 2014.

12. Salomon Collins' report listed $1,329.00 as the appropriate amount to repair the damage to Miller's home.

13. Salomon Collins's report did not contain any pictures of damage to Miller's roof.

14. $1,329.00 was not a reasonable amount of money to fix the damage caused by the hailstorm to Miller's home.

15. Salomon Collins knew or recklessly disregarded the fact that $1,329.00 was not sufficient to repair Miller's home.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

16. MetLife knew or recklessly disregarded the fact that Salomon Collins had a predictable practice of limiting MetLife's payments to its insureds by failing to conduct a reasonable investigation.

17. MetLife had a duty to perform a reasonable investigation of Miller's claim.

18. Part of each premium MetLife charges includes a portion for the expenses required to properly investigate claims.

19. A reasonable investigation requires the insurer to look for reasons to pay, and not just reasons not to pay.

20. In evaluating Miller's claim, MetLife had a duty to give just as much consideration to his interests as it gave to its own interests.

21. MetLife had a duty to assist Miller with identifying facts that support a payment that was sufficient to fix Miller's home.

22. MetLife had a duty to inform Miller of any information obtained during the investigation of Miller's claim regardless of whether the information would result in an increase or decrease of the amount needed to fully fix Miller's home.

23. MetLife could not eliminate its duty of good faith and fair dealing by delegating its duty to an agent.

24. MetLife is responsible for the investigation and evaluation of Miller's claim by its agents.

25. Salomon Collins's purported investigation on June 25, 2014, was not a reasonable investigation of Miller's claim.

26. MetLife knew or recklessly disregarded that the investigation and conclusions of Salomon Collins were biased in favor of MetLife.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

27. MetLife had no reasonable basis to believe that $1,329.00 was sufficient to repair Miller's home.

28. If MetLife would have performed a reasonable investigation and/or evaluation of Miller's claim, it would have known that that $1,329.00 was not sufficient to repair the damages at Miller's home.

29. Miller disputed Salomon Collins's conclusion that $1,329.00 would adequately repair Miller's home.

30. Miller informed MetLife that based on the inspection of his roof by an experienced local contractor, more extensive repairs were necessary to properly fix the damage caused by the hailstorm.

31. On May 22, 2015, MetLife threatened to "proceed with litigation" against Miller if he did not agree to participate in MetLife's binding arbitration process. (Ex. A.[1])

32. MetLife also refused to produce all of the information it had with regard to Miller's claim "in the absence of formal pending litigation." (*Id.*)

33. MetLife previously told Miller on November 21, 2014, that its arbitration process is "binding." (Ex. B.)

34. In a separate correspondence dated April 28, 2015, MetLife again told Miller that its arbitration process was "binding." (Ex. C.)

35. In that same correspondence, MetLife told Miller that he did not need a lawyer when Miller asked if he needed a lawyer. (*Id.*)

36. MetLife's statement regarding the "binding" nature of its arbitration process is a

---

[1] All exhibits referenced herein are attached to this Complaint.

4

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

       misrepresentation of the policy's terms and conditions.

37. Alternatively, MetLife's "binding" arbitration process violates South Dakota law.

38. MetLife knew or recklessly disregarded that its "binding" arbitration process violated South Dakota law.

39. Upon information and belief, MetLife's misrepresentations about the binding nature of its arbitration process and telling its insureds not to obtain a lawyer during that process has resulted in it gaining money that it otherwise would not have gained at its insureds' expense.

40. MetLife's claims handling process as described in this Complaint is designed to delay paying its insureds, including Miller, the full amount owed under the insurance policy.

41. MetLife's claims handling process as described in this Complaint is designed to deny paying its insureds, including Miller, the full amount owed under the insurance policy.

42. As a result of MetLife's claims handling process as described in this Complaint, Miller has been damaged as follows:

    a. Miller has been deprived of the benefits of the contract and of the timely fixing of his home depending on the current costs of materials and labor;
    b. Miller experienced aggravation, fear, annoyance, frustration, distress, mental and emotional pain and suffering, and inconvenience due to the wrongful denial of his claim; and
    c. Miller was forced to retain a lawyer at his personal expense.

# Count I
## (*Breach of Contract*)

43. Miller realleges and restates paragraphs 1-42 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

44. MetLife has breached the contract of insurance with Miller by failing to pay the full amount of benefits owed under the policy.

# Count II
## (*Bad Faith*)

45. Miller realleges and restates paragraphs 1-44 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

46. MetLife intentionally or recklessly utilized a claims handling process designed to maximize its profits at its insureds' expense.

47. MetLife intentionally or recklessly utilized a claims handling process designed to delay the payment of benefits owed under the terms of the policy.

48. MetLife intentionally or recklessly utilized a claims handling process designed to deny the full payment of benefits owed under the terms of the policy.

49. MetLife intentionally or recklessly misrepresented to its insureds, including Miller, that a "binding" arbitration process was necessary in order to receive the benefits owed under the policy in a timely manner.

50. MetLife intentionally threatened its insured with litigation if he did not participate in MetLife's unlawful "binding" arbitration process.

# Count III
### (*Unfair Trade Practices*)

51. Miller realleges and restates paragraphs 1-50 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

52. MetLife misrepresented the terms and conditions of the policy to Miller.

53. Upon information and belief, MetLife misrepresented the terms and conditions of its policy to other insureds in South Dakota.

54. As a result of its misrepresentation of the terms and conditions of its insurance policy, MetLife is responsible for Miller's attorney's fees.

# Count IV
### (*Punitive Damages*)

55. Miller realleges and restates paragraphs 1-54 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

56. MetLife acted with oppression, fraud, or malice, and punitive damages are necessary and appropriate in order to punish and deter.

# Count V
### (*Vexatious Refusal to Pay*)

57. Miller realleges and restates paragraphs 1-56 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

58. MetLife unreasonably and vexatiously refused to pay amounts owing under the policy, requiring the Court to award Plaintiff's reasonable attorney's fees as part of the costs incurred by Miller as authorized under SDCL § 58-12-3.

## Requested Relief

WHEREFORE, Plaintiff Keith F. Miller prays that this Court:

1. Enter judgment in Miller's favor;

2. Award Miller his damages plus prejudgment interest thereon;

3. Award Miller his attorney's fees and costs as allowed by law; and

4. Grant such other further relief as may be just and proper.

## Demand for Jury Trial

Miller demands a trial by jury with regard to any and all questions of fact pertaining to all claims and/or counterclaims asserted in the above-entitled matter.

Dated this 3rd day of June, 2015.

FULLER & WILLIAMSON, LLP

_____
Derek A. Nelsen
Eric T. Preheim
7521 South Louise Avenue
Sioux Falls, SD 57108
Phone:(605) 333-0003
Fax: (605) 333-0007
Email: dnelsen@fullerandwilliamson.com
epreheim@fullerandwilliamson.com
*Attorneys for Plaintiff Keith F. Miller*