UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEITH F. MILLER,<br><br>    Plaintiff,<br><br>vs.<br><br>METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>d/b/a METLIFE AUTO & HOME<br>INSURANCE AGENCY, INC.,<br><br>    Defendant. | CIV. 15-4104<br><br><br><br>**ANSWER<br>AND DEMAND FOR JURY TRIAL** |

Comes now the above-named Defendant and for its Answer to Plaintiff's Complaint states, responds, and answers as follows:

1. Defendant admits Plaintiff Keith Miller was at all times "relevant" to the lawsuit a resident of Sioux Falls, Lincoln County, South Dakota.

2. Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations in Paragraph'3 3 and 4 addressing jurisdiction and the purported amount in controversy. Defendant disputes and remits Plaintiff to his burden of proof that the value of the interest or damages in this case exceed the amount of $75,000.00, exclusive of interest and costs.

4. Regarding Paragraph 5, Defendant admits Plaintiff obtained from Defendant a policy of insurance, identified Policy Number 2020823781, that went into effect on or about May 25, 2014. A true and correct copy of the Policy in effect at the time relevant to the claims and

allegations in the Complaint is attached hereto as Exhibit 1 and is incorporated herein by this reference.

5.      Regarding Paragraphs 5 through 9, Defendant admits only that on or about June 23, 2014, Plaintiff submitted a claim for hail damage that was covered under the Policy and was timely and properly investigated, processed, and paid as a loss.  Defendant denies all other allegations, arguments, and contentions.

6.      Regarding Paragraphs 10 through 16, Defendant admits only that on or about June 25, 2014, Defendant had an independent adjuster visit and inspect Plaintiff's home and the results of the inspection were reported to Defendant and payments were issued, but the claims file remained open.  Additional payments were issued based upon additional information provided by Plaintiff and after additional inspections were conducted.  All damages and repairs documented with receipts were promptly processed and paid by Defendant.  Defendant denies all other allegations, arguments, and contentions.

7.      Regarding Paragraphs 17 through 29, Defendant asserts that it fulfilled all obligations, duties, and responsibilities arising under the Policy and imposed under South Dakota and/or applicable federal law, as it relates to every aspect of Plaintiff's claim.  Defendant further maintains and responds that the factual information advanced by Plaintiff is incomplete, inaccurate, and misleading.  A total of five checks were issued to Plaintiff as payment of benefits under the Policy related to the claim in question totaling $10,428.25.  All checks and payments were negotiated or cashed by Plaintiff.  Defendant denies all other allegations, arguments, and contentions.

8.       Regarding Paragraph 30, Defendant admits that Plaintiff stated to his insurance agent, and to Defendant, that he felt the payments made on the claim were inadequate and that because roofs were being replaced on other homes in his area that his roof should also be

replaced with a new roof.  Defendant denies all other allegations, arguments, and contentions.

9. Regarding Paragraphs 31 through 42, Defendant has separately moved to strike these allegations and relies upon those arguments as though full stated herein.  Without waiving any of those arguments, Defendant admits that in response to the letter that Plaintiff marked or identified as Exhibit B, Plaintiff made a written request or demand to utilize the Policy's appraisal and umpire process to resolve the dispute over whether his roof had been properly repaired or , instead, required replacement.  A true and correct copy of Plaintiff's November 27, 2014 written demand or request to utilize the Policy's appraisal procedure for resolving the dispute is attached hereto as Exhibit 2 and is incorporated herein by this reference.  Defendant denies all other allegations, arguments, and contentions.

10. Further, regarding Paragraphs 31 and 32, Defendant denies Plaintiff's statements in those Paragraphs, as contradicted by the referenced Exhibit, and as improperly argumentative and misleading.  Defendant further denies that Plaintiff has a right under the Policy or State or Federal law to a copy of the Defendant's claims file upon demand, and Plaintiff fails to clearly establish such a right exists.

11. Further, regarding Paragraphs 33 and 34 and 36 through 38, Plaintiff requested the use of the appraisal process provided under the Policy to resolve the dispute.  The Policy does not contain or use the word "arbitration."  Arbitration was, however, subsequently proposed by Plaintiff acting by and through his designated appraiser and Defendant declined to take that route and requested the outlined process be completed and an umpire selected.  After retaining legal counsel, Plaintiff requested that the dispute be resolved through mediation utilizing the services of a local Sioux Falls attorney.  Defendant denies that the Policy language, on its face, violated South Dakota law, and the language in question was approved for inclusion in the Policy by the South Dakota Division of Insurance.  Other insurers doing business in South Dakota,

3

including State Farm, have similar language in their standard State-approved homeowner's policy form.  Defendant denies all other allegations, arguments, and contentions.

12.     Further, regarding Paragraphs 35 and 39, Defendant denies Plaintiff's statements in those Paragraph's, as contradicted by the referenced Exhibit and as improperly argumentative and misleading.   The statements in question were and are factually accurate.  Plaintiff fails to allege that services and involvement of licensed attorneys are required to carry out the Policy's appraisal process for resolving disputes, nor does he allege he was prevented from retaining an attorney.  As a practical matter, Plaintiff obviously retained an attorney as evidenced by the fact the current lawsuit is pending.  Defendant further maintains and contends that Plaintiff fails to allege facts so much as suggesting he sustained injury or damage, nor does Plaintiff allege that he relied on the alleged statements to his detriment.  Defendant denies all other allegations, arguments, and contentions.

13.     Further, regarding Paragraphs 40 through 41, Defendant denies that Plaintiff has failed to allege facts sufficient to proceed with a cause of action legally challenging and pursuing recovery based on the Defendant's purported policies, practices, standards, or its processing of other claims.  Defendant denies all other allegations, arguments, and contentions.

14.     Further, regarding Paragraph 42, Defendant denies any misconduct or impropriety in processing any aspect of Plaintiff's claim and maintains it fulfilled all requirements of the Policy and applicable State and Federal law.  Defendant maintains that it timely processed Plaintiff's claim in accordance with the Policy and State and Federal law.  Insofar as the appraisal process took longer than the timeframe provided under the Policy, Plaintiff was responsible for those delays and Defendant very patiently and kindly provided him with additional time to secure an appraiser and to obtain provide opinions and reports.  The appraiser

and/or engineer that Plaintiff relied upon did not state the option that replacement of the roof was required. Defendant denies that Plaintiff's alleged emotional difficulties are legally compensable or were legally caused by its acts or omissions. Finally, Defendant denies that Plaintiff was required to retain an attorney, and further dispute that the retention of counsel has in any way assisted him in obtaining an orderly and efficient resolution of the current dispute. Defendant denies all other allegations, arguments, and contentions.

15. Regarding Paragraphs 43 through 44, Defendant denies it breached its contractual obligations to Plaintiff as set forth in the Policy. Defendant further affirmatively alleges that any breach would be legally excused by Plaintiff's material breach of his obligations under the Policy and, more specifically, his obligation to cooperate with the processing of claims and to refrain from filing suit until all Policy requirements have been met. Plaintiff improperly failed and refused to cooperate in the completion of the appraisal process that he demanded in writing which caused unnecessary delays, expense, and inconvenience to Defendant. Defendant affirmatively asserts and alleges that Plaintiff fails to state a claim upon which relief can be granted requiring dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and further fails to satisfy the pleading requirements under Federal Rules of Civil Procedure 8 and 9. Defendant denies all other allegations, arguments, and contentions.

16. Regarding Paragraph 45, Defendant answers and responds consistent with its previous answers, objections, and statements.

17. Regarding Paragraphs 46 through 50, Defendant has separately moved to strike these allegations and relies upon those arguments as though fully stated herein. Without waiving any of those arguments, Defendant denies the accuracy of Plaintiff's allegations and maintains that he fails to state a claim upon which relief can be granted requiring dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and further fails to satisfy the pleading requirements

under Federal Rules of Civil Procedure 8 and 9.  Defendant affirmatively alleges that its conduct, actions, and decisions were reasonable and in accordance with the Policy language and requirements under applicable State and Federal law at the times they occurred or were made.

18.     Regarding Paragraph 51, Defendant answers and responds consistent with its previous answers, objections, and statements.

19.     Regarding Paragraphs 52 through 54, Defendant has separately moved to strike these allegations and relies upon those arguments as though fully stated herein.  Without waiving any of those arguments, Defendant denies the accuracy of Plaintiff's allegations and maintains that he fails to state a claim upon which relief can be granted requiring dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and further fails to satisfy the pleading requirements under Federal Rules of Civil Procedure 8 and 9.  Among other things, Plaintiff fails to allege facts sufficient to establish and proceed with a claim for unfair trade practices under applicable State or Federal law.  Defendant denies all other allegations, arguments, and contentions.

20.     Regarding Paragraphs 55 and 57, Defendant answers and responds consistent with its previous answers, objections, and statements.

21.     Regarding Paragraph 56, Defendant has separately moved to strike this allegation and relies upon those arguments as though fully stated herein.  Without waiving any of those arguments, the Defendant denies the accuracy of Plaintiff's allegation and maintains that he fails to state a claim upon which relief can be granted requiring dismissal of his punitive damages request pursuant to Federal Rule of Civil Procedure 12(b)(6) and he further fails to satisfy the pleading requirements under Federal Rules of Civil Procedure 8 and 9.

22.     Regarding Paragraph 58, Defendant has separately moved to strike this allegation and relies upon those arguments as though fully stated herein.  Without waiving any of those arguments, the Defendant denies the accuracy of Plaintiff's allegation and maintains that he fails

to state a claim upon which relief can be granted requiring dismissal of his claim for vexatious refusal to pay pursuant to Federal Rule of Civil Procedure 12(b)(6) and he further fails to satisfy the pleading requirements under Federal Rules of Civil Procedure 8 and 9.

## LEGAL AND AFFIRMATIVE DEFENSES

1. Defendant incorporates and restates by this reference all legal and affirmative defenses raised or asserted in response to the allegations set forth in Plaintiff's Complaint, as set forth above.

2. In addition, Defendant affirmatively asserts and alleges Plaintiff's claims may be barred, in whole or in part, by the legal doctrines of waiver, laches, estoppel, and unclean hands.

3. In addition, Defendant affirmatively asserts and alleges Plaintiff's contract claims are premature and legally barred for his failure to complete and in good faith carry out the appraisal process that he invoked and demanded in writing be utilized to resolve the current dispute.  Plaintiff has improperly failed or refused to cooperate in the selection of an umpire and complete the appraisal process it invoked and demanded be used in accordance with the Policy language.  Plaintiff has also taken conflicting and inconsistent positions regarding the appraisal process itself.  Among other things: (1) he has changed his appraiser at least once without notice or explanation; (2) through his appraiser Plaintiff has proposed resolution through arbitration, a step which he now contends is illegal; (3) through his appraiser Plaintiff at one time proposed the use of an umpire in Texas to assist in resolving the matter, and now contends that entire process is illegal; (4) prior to filing suit he and his attorney met with Defendant's attorney and Plaintiff proposed retaining a licensed attorney to act as a mediator in place of the role of umpire provided under the Policy to render an binding final decision and determination in the matter, but in his lawsuit fails to disclose that information and suggests any binding third-party determination is illegal and prohibited under South Dakota law; and (5) Plaintiff and his attorney refuse to

7

communicate or discuss the merits and important substantive issue of whether competent evidence exists supporting his demand that replacement and installation of a new roof is necessary and appropriate versus repair. The outcome or result of the appraisal process can, and most likely will, fully and finally resolve the dispute and obviate the need for further litigation.

4. In addition, Defendant affirmatively asserts and alleged Plaintiff's designated appraiser acted as his agent and representative in communicating with Defendant and its designated appraiser, and he is legally responsible and chargeable with the statements, requests, and demands made by his appraiser.

5. In addition, Defendant affirmatively asserts and alleges that the actions and decisions of Defendant were in all respects reasonable and in accordance with the requirements of the Policy and applicable State and federal law at time time they were made or otherwise occurred.

6. In addition, Defendant affirmatively alleges and asserts that its retained engineer, its appraiser, and the expert engineer (who is also possibly now fulfilling the role of appraiser) retained and used by Plaintiff have all determined and concluded that repair, rather than replacement of Plaintiff's roof, is reasonable and appropriate based upon the observed and recorded facts and industry standards and guidelines.

7. In addition, Defendant affirmatively alleges and asserts that Plaintiff fails to state claims upon which relief can be granted, requiring dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons stated and explained above.

8. In addition, Defendant affirmatively alleges and asserts that Plaintiff's Complaint fails to satisfy the pleading requirements under Federal Rules of Civil Procedure 8 and 9 and is properly dismissed or stricken, in whole or in part for the reasons and grounds advanced.

WHEREFORE, Defendant respectfully request that each allegation, count, and claim be

denied and dismissed on the merits and with prejudice or otherwise disposed of in the manner deemed most appropriate by the Court and that it further have and be awarded additional and further relief as determined by the Court.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues of fact.

Dated this 26th day of June, 2015.

>BANGS, McCULLEN, BUTLER,
>FOYE & SIMMONS, L.L.P.
>
>/s/ Jeff L. Bratkiewicz
>Jeff L. Bratkiewicz
>jeffb@bangsmccullen.com
>Cesar A. Juarez
>cjuarez@bangsmccullen.com
>P.O. Box 88208
>Sioux Falls, SD 57109-8208
>Telephone: (605) 334-3164
>Facsimile: (605) 339-6801
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, hereby certifies that on the 26th day of June, 2015, a true and correct copy of the foregoing Answer and Demand for Jury Trial was filed electronically with the Clerk of Court using the ECF system which will send notification of such filing to the following:

>Derek A. Nelsen
>dnelsen@fullerandwilliamson.com
>Eric T. Preheim
>epreheim@fullerandwilliamson.com
>Fuller & Williamson, L.L.P.
>7521 South Louise Avenue
>Sioux Falls, SD 57108
>*Attorneys for Plaintiff*

BANGS, McCULLEN, BUTLER,
FOYE & SIMMONS, L.L.P.


/s/ Jeff L. Bratkiewicz
One of the Attorneys for Defendant